## Case No. 5,296.

### The GEFLA.

[1 Mason, 88.] 1

Circuit Court, D. Massachusetts.  May Term, 1816.

PRIZE—CLAIM INTERPOSED BY UNITED STATES.

If a claim be interposed by the United States in a prize proceeding upon a seizure for a forfeiture under the non-importation acts, and the title of the captors and the claimants be defeated: the property will be condemned to the United States, subject to distribution according to the provisions of the act of 2d March, 1799, c. 128, § 91 [1 Story's Laws, 655; 1 Stat. 697, c. 22.]

This was an allegation of prize against the brig Gefia and cargo [Wilte, master], upon an asserted capture by the privateer Mary, Pritchard commander. At the trial in the district court of Maine [case unreported], a claim was interposed by the United States claiming the vessel and cargo as forfeited for a violation of the importation act of the 1st of March, 1809, c. 91 [2 Story's Laws, 1114; 2 Stat. 550, c. 9], as revised and enforced by the act of 1st of May, 1810, c. 56 [2 Story's Laws, 1169; 2 Stat. 605, c. 39], and the act of 2d March, 1811, c. 96 [2 Story's Laws, 1187; 2 Stat. 651, c. 29]. The claim alleged, that the goods,

---

1 [Reported by William P. Mason, Esq.]

being prohibited goods, were taken on board in August, 1813, at Bermuda, a colony or dependency of Great Britain with the knowledge of the master, and with intent to import them into the United States; and that afterwards on the 16th of November, 1813, the brig with the same goods arrived within the waters of the United States and the district of Portland and Falmouth; and after her arrival was, on the same day, captured in said district by the privateer Mary; and was afterwards, on the same day, seized, as forfeited, by the collector of said district. At the hearing, the vessel and cargo were condemned to the United States; and from this decree an appeal was interposed to the circuit court of Massachusetts; but the appeal was afterwards abandoned, and, at the October term, 1814 [case unreported], the decree of the court below was by the consent of parties, affirmed, reserving the question of distribution.—And now at this term G. Blake, for the United States, and for the collector of said district, prayed for a decree of distribution, as in case of a proceeding upon a mere seizure for a municipal forfeiture.

STORY, Circuit Justice.  The question as to the distribution of the forfeiture was reserved, not from any doubt entertained by the court, but from an expectation that the same question would be finally settled by the supreme court in the cases of the Janstoff and Bothnea. [1 Wheat. (14 U. S.) 408]. It is now uncertain, however, whether the point will be decided in either of those cases. If this were an information in rem for the alleged breach of the non-importation act, it is clear, that the property forfeited must be distributed according to the 91st section of the collection act of the 2d of March, 1799, c. 128 [chapter 22]. The question is, whether the right of the collector and other officers of the customs to a distributive share is ousted by the forfeiture being asserted by way of claim in a prize proceeding, instead of an original suit. When property is libelled as prize, the United States cannot seize it, as forfeited under a municipal law, so as thereby to defeat the prize jurisdiction. The only proper mode of proceeding is to interpose a claim in the prize court upon a seizure for the forfeiture; and this claim is in the nature of an information. If upon the hearing, the title of prize is defeated, and the claim of the owners of the property is rejected on account of any illegal conduct, condemnation must be to the United States. But whether the forfeiture shall be to the United States generally, or to the United States to be distributed, depends not at all upon the mode of proceeding, but upon the fact, whether there be seizing officers or others, who in the given case have entitled themselves to share in the forfeiture. Cases may arise, in which the forfeiture will wholly accrue to the government, as in The Walsingham Packet, 2 Rob. Adm. 77, and the claim of Lenox and Maitland in The Venus,

S Cranch [12 U. S.], 253. But in those cases no seizure had been made by any officer entitled to share in the forfeiture; and the proceeding was on the part of the government only to vindicate its own rights.

In the present case a seizure was made by the officers of the customs for a breach of the non-importation acts; and it is admitted by all parties, that the facts completely sustain the seizure. It is also admitted, that neither the captors nor the claimants have any legal title, upon which they can stand before the court. The rights, therefore, acquired by the seizure remain untouched by any adverse claim; and although the forfeiture be inflicted in a prize proceeding; yet the court are as much bound to recognise the rights so acquired, as if the cause were before us upon an information on the instance side of the court. A decree must be entered, that the proceeds of the vessel and cargo be distributed between the United States and the officers of the customs according to the provisions of the 91st section of the act of 2d March, 1799, c. 128 [chapter 22].